B. Lance Entrekin (#016172)
**The Entrekin Law Firm**
5343 North 16th Street, Suite 200
Phoenix, Arizona 85016
(602) 954-1123
Fax: (602) 682-6455
E-mail: lance@entrekinlaw.com
Attorney for Plaintiff

**IN THE FEDERAL DISTRICT COURT OF ARIZONA**

| | |
|---|---|
| Christopher Walsh, | NO. 2:18-CV-01545-SPL |
| Plaintiff, | |
| v. | **SECOND AMENDED COMPLAINT** |
| LG Chem America, a Delaware corporation; Oueis Gas, a New Mexico corporation; LG Chem, Ltd., a South Korean corporation, | |
| Defendants. | |

For his Complaint against Defendants, Plaintiff alleges as follows.

**PARTIES**

1. Christopher Walsh is an adult resident of Maricopa County and was at all times material hereto.

2. The battery at issue was manufactured, marketed, tested, designed and sold by LG Chem Ltd., a South Korean corporation ("LG Chem'). The battery was also tested, marketed and sold by LG Chem America ("LG"), which on information and belief is a Delaware corporation with its headquarters in the State of Georgia.

3. The battery at issue was sold at retail to Plaintiff on October 28, 2015 by Oueis Gas. Oueis Gas is a New Mexico corporation with its headquarters in Albuquerque.

**JURISDICTION**

4. Diversity jurisdiction is proper in this Court under 28 U.S.C. § 1332(a)(1). Plaintiff is a citizen of Arizona, Defendants are citizens of South Korea, Delaware, Georgia and New Mexico and the amount in controversy exceeds the jurisdictional minimum.

5. Personal jurisdiction, determined by the minimum contacts test set forth in *International*

*Shoe Co. v. Washington*, 326 U.S. 310 (U.S. 1945) and its progeny, is easily satisfied here. Plaintiff is a resident of the forum and consents to its jurisdiction. Defendant Oueis Gas is subject to general and specific jurisdiction and Defendant LG is subject to specific jurisdiction. Defendant LG Chem is also subject to specific jurisdiction.

**VENUE**

6. Venue is proper under 28 U.S.C. § 1391(b)(2). The product at issue was advertised and sold in this district, it failed in this district, causing injury in this district and that is the basis of the Complaint.

**GENERAL ALLEGATIONS**

7. Plaintiff (DOB 2/26/82) is a military veteran employed by Intel Corporation with no history of drug or alcohol abuse or arrests.

8. LG markets and sells the LG HG2 18650 battery ("HG2"). LG sold said batteries to Oueis Gas in Mesa, Arizona. LG Chem manufactures, designs, tests and sells said battery.

9. According to sales receipts, Plaintiff purchased two LG HG2 batteries from Oueis Gas on October 28, 2015.

10. Plaintiff did not misuse the batteries and did not use them in any way that was not wholly foreseeable by Defendants. The charger, which is in Plaintiff's possession, is functioning normally. Surveillance video from Boss Pizza in Scottsdale, Arizona shows that from 6:00 - 7:00 p.m. on November 18, 2016, Plaintiff was seated at a table in the restaurant quietly talking with family members. At approximately 7:00 p.m., the HG2's he had purchased exploded and set him on fire.

11. Plaintiff spent two weeks in the Burn Unit and had physical therapy thereafter. He missed two months of work, incurred over $170,000 in medical bills and suffered second and third degree burns over 8% of his total body surface area.

12. The HG2 has a long history of exploding and catching fire and Defendants were well aware of this by 2015. The Consumer Product Safety Commission had conducted seven recalls of lithium ion batteries due to explosion hazards (CPSC Recall ##12-702, 14-115, 11-734, 09-045, 15-204, 14-220, 11-234), complaints had been filed regarding 18650 lithium ion

batteries exploding (CPSC Complaint #20150218-026DE-2147435282), there was academic literature documenting the LG HG2 18650's propensity to explode (Can-Yong et. al., "Thermal explosion hazards on 18650 lithium ion batteries with a VSP2 adiabatic calorimeter," Journal of Hazardous Materials 192(1): 99-107 (May, 2011)) and LG had received numerous reports.

**CAUSES OF ACTION**

**COUNT ONE - NEGLIGENT DESIGN (All Defendants)**

13. Plaintiff repeats the allegations as if set forth herein.

14. Defendants failed to meet the standard of care in designing the battery at issue herein and in placing in commerce a negligently designed product.

15. Said failure was the proximate cause of substantial damages to Plaintiff.

16. Said failure includes, but is not limited to failing to design the battery to adequately guard against shorting when it contacts metal objects, which was technologically and economically feasible at the time.

**COUNT TWO - NEGLIGENT FAILURE TO WARN (All Defendants)**

17. Plaintiff repeats the allegations as if set forth herein.

18. Defendants negligently failed to warn and this caused Plaintiff's injuries.

19. Defendants typically try to defend these cases by arguing comparative fault.  In light of this, it was incumbent upon Defendants to place a large, unmistakable warning on the product and packaging  stating "WARNING: PRIOR INCIDENTS ESTABLISH THAT IN THE EVENT BATTERY COMES INTO CONTACT WITH A METAL OBJECT, BATTERY WILL EXPLODE, POTENTIALLY SETTING THE HOLDER ON FIRE AND CAUSING THIRD DEGREE BURNS " or something comparable.

20. No adequate warnings were provided.

**COUNT THREE - STRICT LIABILITY/DESIGN DEFECT (All Defendants)**

21. Plaintiff repeats the allegations as if set forth herein.

22. Defendant LG Chem sold the HG2 and Defendant Oueis Gas sold the HG2.  Defendant LG manufactured, designed, tested, marketed and sold the HG2.

23. The product failed to perform as safely as an ordinary consumer would expect when they

were used in a foreseeable manner. The harmful consequences of the design as described herein also outweigh the advantages of the design, of which there are none. In light of this, the HG2 is defective and unreasonably dangerous.

24. Said design defect proximately caused Plaintiff very substantial damages.

**COUNT FOUR - STRICT LIABILITY/INFORMATION DEFECT (All Defendants)**

25. Plaintiff repeats the allegations as if set forth herein.

26. The product was used in a foreseeable fashion and said use was unreasonably dangerous, because no adequate warning and instructions were given.

27. The lack of an adequate warning and instruction proximately caused severe damages to Plaintiff.

**JURY REQUEST**

28. Plaintiff hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant judgment against Defendants for:

A. Compensatory damages;

B. Costs;

C. Post judgment interest on all sums;

D. Any other relief that the Court sees fit to grant.

DATED this 30th day of July, 2018.

THE ENTREKIN LAW FIRM

By: s/Lance Entrekin  
B. Lance Entrekin, Esq.  
The Entrekin Law Firm  
5343 North 16th Street, Suite 200  
Phoenix, Arizona 85016

ELECTRONIC SERVICE OF THE FOREGOING MADE ON THE DATE ABOVE GIVEN ON:

Mark G. Worischeck
Dillon J. Steadman
SANDERS & PARKS P.C.
3030 North Third Street, Suite 1300
Phoenix, Arizona 85012-3099
Attorneys for Oueis Gas

Matthew D. Kleifield
Jack C. Pemberton
Lewis Brisbois Bisgaard & Smith L.L.P.
Phoenix Plaza Tower II
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012
Attorneys for LG Chem America