MATTHEW D. KLEIFIELD, SB #011564
Matthew.Kleifield@lewisbrisbois.com
JACK C. PEMBERTON, SB #024145
Jack.Pemberton@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Phoenix Plaza Tower II
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Telephone: 602.385.1040
Facsimile: 602.385.1051
*Attorneys for Defendant LG Chem, Ltd.*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Walsh, <br><br> Plaintiff, <br><br> vs. <br><br> LG Chem America, a Delaware corporation; Oasis Vape, a New Mexico corporation; LG Chem, Ltd., a South Korean corporation, <br><br> Defendants. | No. 2:18-cv-01545-SPL <br><br> **DEFENDANT LG CHEM, LTD.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** <br><br> (The Honorable Steven P. Logan) |

Defendant LG Chem, Ltd., acting through counsel undersigned, and for its Answer to Plaintiff's Second Amended Complaint, admits, denies and alleges as follows:

**PARTIES**

1. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

2. Answering Defendant denies the allegations contained therein.

3. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

4839-2131-1856.1

## JURISDICTION

4. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

5. Answering Defendant denies the allegations contained therein.

## VENUE

6. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

## GENERAL ALLEGATIONS

7. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

8. Answering Defendant denies the allegations contained therein.

9. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

10. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

11. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

12. Answering Defendant denies the allegations contained therein.

## CAUSES OF ACTION

### COUNT ONE-NEGLIGENT DESIGN (All Defendants)

13. Answering Defendant repeats and re-alleges its answer to each and every preceding paragraph as though fully set forth herein.

14. Answering Defendant denies the allegations contained therein.

15. Answering Defendant denies the allegations contained therein.

16. Answering Defendant denies the allegations contained therein.

**COUNT TWO – NEGLIGENT FAILURE TO WARN (All Defendants)**

17. Answering Defendant repeats and re-alleges its answer to each and every preceding paragraph as though fully set forth herein.

18. Answering Defendant denies the allegations contained therein.

19. Answering Defendant denies the allegations contained therein.

20. Answering Defendant denies the allegations contained therein.

**COUNT THREE – STRICT LIABILITY/DESIGN DEFECT (All Defendants)**

21. Answering Defendant repeats and re-alleges its answer to each and every preceding paragraph as though fully set forth herein.

22. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

23. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

24. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

**COUNT FOUR – STRICT LIABILITY/INFORMATION DEFECT (All Defendants)**

25. Answering Defendant repeats and re-alleges its answer to each and every preceding paragraph as though fully set forth herein.

26. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies the same.

27. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies the same.

**JURY REQUEST**

28. Answering Defendant requests a jury trial.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim against Answering Defendant upon which relief can be granted.

2. Plaintiff's claims may be barred, in whole or in part, by the doctrine of spoliation.

3. The injuries, if any, suffered by Plaintiff are the result of, and were caused solely and proximately by, the act, fault, conduct, or negligence of persons or entities other than Answering Defendant; such negligence, fault, act, or conduct was of a character not reasonably to be expected to happen in the natural sequence of events; and such negligence, fault, act, or conduct was the independent, intervening, and superseding cause, and therefore, the sole proximate cause of any such damages, thus relieving Answering Defendant of any liability.

4. Plaintiff's alleged injuries and damages, if any, were the result of his own negligence, carelessness, inattention, assumption of risk, or otherwise wrongful or unsafe act; and plaintiff's damages should thereby be reduced or eliminated by their own percentage of negligence and fault under the doctrine of comparative fault.

5. Plaintiff, or his agents, was negligent in the maintenance, operation, storage, transport, use and care of the product in question and any damage alleged to have been suffered was because of Plaintiff's or his agents' acts, thereby solely causing or contributing to the damage of which Plaintiff complains.

6. Plaintiff's alleged injuries and damages, if any, were caused, in whole or in part, by the conduct of others for whom Answering Defendant is not responsible, and Answering Defendant's liability, if any, should be limited to its own fault; consequently, pursuant to A.R.S. §§ 12-2503 and 12-2506, the relative degree of fault of all parties and other persons or entities must be determined and apportioned as a whole or at one time by the trier of fact herewith.

7. The plans, specifications, and designs of the product described in the Complaint, and the method and techniques of manufacture, inspection, testing, and labeling of the product, conformed with the state of the art at the time the cell was first sold thereby precluding liability of Answering Defendant pursuant to A.R.S. § 12-683(1).

8. If said product was in any way defective, which Answering Defendant expressly denies, the said defects occurred at some time subsequent to leaving the manufacturer's control as a result of the manner in which they were handled or used.

9.  The Complaint is barred as to Answering Defendant because the Court lacks personal jurisdiction over it.

10. Answering Defendant further affirmatively puts Plaintiff and other parties on notice that it has reason to believe that one or more affirmative defenses under the applicable law of this jurisdiction may be available to it.  Discovery is at an early state, and Answering Defendant has not yet had an opportunity to inspect the subject batteries or conduct discovery. Answering Defendant also wishes to reserve the right to amend its pleadings at the close of discovery to assert whatever further defenses may be available to it.  In addition, Answering Defendant asserts and reserves all affirmative defenses under Rule 12(b) of the Federal Rules of Civil Procedure, including but not limited to defenses under Rule 12(b)(6).

11. Answering Defendant hereby adopts any and all affirmative or other defenses raised by any other defendant in this action.

12. Answering Defendant may assert any affirmative defense set forth in A.R.S. § 12-683, the terms of which are incorporated by this reference, including, but not limited to, product misuse, abuse and alteration/modification.

WHEREFORE, having fully defended Plaintiff's claims, Defendant LG Chem, Ltd.. prays that:

A.  Plaintiff's Complaint be dismissed with prejudice as to it and that Plaintiff takes nothing thereby;

B.  Defendant be awarded its costs incurred in connection with the defense of this matter; and

C.  Defendant be awarded such other and further relief as the Court deems just and proper.

DATED this 25th day of September, 2018.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By /s/ Matthew D. Kleifield
  Matthew D. Kleifield
  Jack C. Pemberton
  *Attorneys for Defendant LG Chem, Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of September, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing thereby transmitting a Notice of Electronic Filing to all CM/ECF registrants.

B. Lance Entrekin, Esq.
**The Entrekin Law Firm**
5343 North 16th Street, Ste. 200
Phoenix, Arizona  85016
*Attorneys for Plaintiff Christopher Walsh*

Mark G. Worischeck, Esq.
Dillon J. Steadman, Esq.
**Sanders & Parks, PC**
3030 North Third Street, Ste. 1300
Phoenix, Arizona  85012
*Attorneys for Defendant Oasis Vape*

/s/ Allison E. Moore