**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Walsh, | No. CV-18-01545-PHX-SPL |
| Plaintiff, | **ORDER** |
| vs. | |
| LG Chem America, et al., | |
| Defendants. | |

Before the Court is Defendant LG Chem, Ltd.'s Motion to Dismiss (Doc. 33). Having considered the briefing (Docs. 33, 40, 41),[1] the Court rules as follows.

**I.   Background**

On October 28, 2019, Plaintiff purchased two LG HG2 18650 ("HG2") batteries from retailer Oueis Gas in Mesa, Arizona (Doc. 30 at ¶¶ 8–9). The HG2 batteries were designed, manufactured, tested, marketed, and sold by LG Chem, a company based in Seoul, South Korea (Doc. 30 at ¶ 2, 8).

On November 18, 2016, while sitting at a table in a restaurant, the subject batteries exploded and set Plaintiff on fire (Doc. 30 at ¶ 10). Plaintiff spent two weeks in a burn unit, underwent physical therapy, missed two months of work, incurred over $170,000 in medical bills, and ultimately suffered third-degree burns over 8% of his body (Doc. 30 at

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

¶ 11).

Plaintiff initiated this product liability action, alleging four causes of action: (1) negligent design, (2) negligent failure to warn, (3) strict liability/design defect, and (4) strict liability/information defect (Docs. 1, 30). Defendant LG Chem now moves to dismiss the claims against it for lack of personal jurisdiction (Doc. 33).

**II.    Legal Standard**

A "[p]laintiff bears the burden of establishing personal jurisdiction." *Repwest Ins. Co. v. Praetorian Ins. Co.*, 890 F. Supp. 2d 1168, 1184 (D. Ariz. 2012). When a defendant moves to dismiss a complaint for lack of personal jurisdiction, "the plaintiff is 'obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction'" over the defendant. *Cummings v. W. Trial Lawyers Ass'n*, 133 F. Supp. 2d 1144, 1151 (D. Ariz. 2001) (citation omitted). "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand a motion to dismiss." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). The Court may not, however, "assume the truth of allegations in a pleading that are controverted by affidavit." *Id.* (citation omitted).

Because no applicable federal statute governing personal jurisdiction exists, Arizona's long-arm statute applies. *See Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 559 (9th Cir. 1995). Arizona's long-arm statute provides for personal jurisdiction "to the maximum extent permitted by the Arizona Constitution and the United States Constitution." Ariz. R. Civ. P. 4.2(a). Ultimately, "the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). Absent traditional bases for personal jurisdiction, the Due Process Clause requires that a nonresident have certain minimum contacts with the forum state such that the exercise of personal jurisdiction "does not offend traditional notions of fair play and substantial justice." *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "In determining whether a defendant had minimum contacts[,] . . .

courts focus on 'the relationship among the defendant, the forum, and the litigation.'" *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 860 (D. Ariz. 1999). "Depending on the nature and extent of the defendant's contacts with the forum state, the court may exercise either general or specific jurisdiction over the defendant." *Id*.

Here, Plaintiff does not allege that LG Chem is subject to general jurisdiction (Doc. 40 at 2, § III(A)). Instead, Plaintiff alleges that LG Chem is subject to specific jurisdiction (Doc. 40 at 2, § III(A)–(C)). In determining whether a defendant has contacts with the forum state sufficient to establish specific jurisdiction, courts apply a three-prong test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802. Plaintiff bears the burden of satisfying the first two prongs. *Id*. If Plaintiff succeeds, the burden shifts to Defendant to "present a compelling case" that the exercise of specific jurisdiction would be unreasonable. *Id*.

### A. Purposeful Availment & Purposeful Direction

The first prong of the test "may be satisfied by purposeful availment of the privilege of doing business in the forum; by purposeful direction of activities at the forum; or some combination thereof." *Yaoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006). "Purposeful availment requires that the defendant engage in some form of affirmative conduct allowing or promoting the transaction of business within the forum state. This focus upon the affirmative conduct of the defendant is designed to ensure that the defendant is not haled into court as the result of random, fortuitous or attenuated contacts." *Gray & Co. v. Firstenberg Mach. Co., Inc.*, 913 F.2d 758, 760 (9th Cir. 1990) (citation omitted). Ultimately, a defendant is found to have purposefully availed himself of the forum's benefits if he has intentionally "engaged in

significant activities within a State or has created 'continuing obligations' between himself and the residents of the forum." *Id*. (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). In contrast, purposeful direction is evaluated using the "effects test" articulated in *Calder v. Jones*, 465 U.S. 783 (1984), which assesses whether the defendant has "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). "A purposeful availment analysis is most often used in suits sounding in contract. A purposeful direction analysis, on the other hand, is most often used in suits sounding in tort." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (internal citation omitted). Because the *Calder* effects test only applies to *intentional* torts, however, the Court will analyze the first prong using the purposeful availment test. *See J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011) ("In products-liability cases like this one, it is the defendant's purposeful availment that makes jurisdiction consistent with 'traditional notions of fair play and substantial justice.'"); *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007) ("[I]t is well established that the *Calder* test applies only to intentional torts, not to the breach of contract and negligence claims presented here.").

Defendant argues that Plaintiff's negligence and strict liability claims are based solely on a stream-of-commerce argument, which is insufficient to establish specific jurisdiction (Doc. 8-9):

> The placement of a product into the stream of commerce, without more, is not an act purposefully directed toward a forum state. Even a defendant's awareness that the stream of commerce may or will sweep the product into the forum state does not convert the mere act of placing the product into the stream of commerce into an act purposefully directed toward the forum state.

*Holland Am. Line, Inc.*, 485 F.3d at 459. Plaintiff, on the other hand, argues that Defendant engaged in purposeful availment in: (1) setting design and manufacturing specifications, (2) getting the product to a United States distributor, (3) filing patent applications, (4)

testing the product, (5) non product specific advertisement, (6) selling a large quantity of the product, and (7) litigating in Arizona (Doc. 40 at 6-7).

First, there is nothing in the record to indicate that Defendant designs, manufactures, tests, or maintains the HG2 batteries anywhere in the United States, let alone in Arizona (*see* Doc. 33-1 at ¶ 17; Doc. 44. at ¶ 3). *See Carpenter v. Sikorsky Aircraft Corp.*, 101 F.Supp.3d 911, 923 (C.D. Cal. 2015) (noting there were "no allegations that any part of the [product] was manufactured, designed or maintained [*in the forum state*]."). Next, once Defendant sold its product to distributors, it relinquished all control of the product to those independent corporations (Doc. 33-1 at ¶¶ 18, 20, 27).[2] Defendant was not involved in the distribution process, nor was it involved in any direct marketing to consumers.[3] To the extent Plaintiff argues that the sale of thirteen million units annually in the United States is a strong indication of purposeful availment, this stream-of commerce argument, without more, in unavailing. *See Ariz. Sch. Risk Retention Trust, Inc. v. NMTC, Inc.*, 169 F.Supp.3d

---

[2] To the extent Plaintiff alleges that Defendant transferred product specifically to Super Engine, an Arizona distributor, the claim is solely supported by allegations in a complaint in an unrelated federal case. *See State Farm Fire & Cas. Co. v. Amazon.com Inc.*, 2:17-cv-01994-JAT at Doc. 72. Accordingly, the Court finds that argument to be unpersuasive. *See Quanta Indem. Co. v. Amberwood Dev. Inc.*, No. CV-11-01807-PHX-JAT, 2014 WL 1246144, at *18 n.28 (D. Ariz. Mar. 26, 2014) ("[T]he allegations of a complaint are not admissible evidence to prove the truth of those allegations because the drafter of a non-verified complaint has no knowledge of the facts alleged."). To the extent Plaintiff alleges that Defendant licenses Arizona service providers, the website referenced specifically refers to Energy Storage System partners, has no specific reference to the HG2 batteries, and provides no evidence that Defendant "owns, controls, or has any kind of economic relationship whatsoever with the [product] service centers located in the forum." *Cottle v. W. Skyways, Inc.*, No. 1:17-cv-00049-DAD-BAM, 2017 WL 1383277, at *5 (E.D. Cal. April 18, 2017) (*see* Doc. 40-1 at ¶ 5); LG Chem, ESS Battery Division, https://www.lgesspartner.com/front/normal/en/product/productInstaller.dev (last visited September 12, 2019).

[3] The Court further finds Plaintiff's reference to non-product specific advertising to be equally unavailing. "[T]he likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the internet." *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419 (9th Cir. 1997) (citation omitted). Plaintiff's reference does not reveal that Defendant has in any way conducted commercial activity over the internet in Arizona—the link does not permit sales, nor does it target Arizona consumers. In fact, only 7 of the 31 images are in English. *See* LG Chem, Advertisements, https://www.lgchem.com/global/lg-chem-company/information-center/advertising-media (last visited Sept. 12, 2019). Accordingly, the Court cannot find, based on the digital marketing materials, that Defendant deliberately directed any marketing efforts toward the forum state.

931, 939 (D. Ariz. 2016) ("[A] stream of commerce approach that dispenses with an examination and weighing of the nonresident defendant's contacts with the forum and that imposes personal jurisdiction *on no more than the defendant's use of a national distributor which directs the product of any quantity to the forum* must be rejected." (emphasis added)). Finally, the Court finds the references to other litigation in Arizona to be inapposite, as Defendant maintained its defense of lack of personal jurisdiction within those actions (Doc. 41-1 at ¶ 71, 41-2 at ¶ 9) . *See State Farm Fire & Cas. Co. v. Amazon.com Inc., et al.*, 2:17-cv-01994-JAT at Doc. 13, ¶ 71 (filed July 30, 2018); *Garcia, et al. v. The Vapor Shop, et al.*, No. CV2016-052257 (May 19, 2017).

The Court agrees with Plaintiff, however, that Defendant's 11 patents and 11 additional patent applications related to the HG2 batteries is a strong indicator of purposeful availment (Doc. 40-1 at ¶ 6). *See Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1353 (Fed. Cir. 2002) ("Obtaining such a patent is a meaningful contact with the United States; it requires a patentee purposefully avail him or herself of a significant benefit of the United States law."). Accordingly, the Court finds the first prong of the specific jurisdiction test is satisfied.

### B. Arising From Forum-Related Activities

The second prong of the specific jurisdiction test "explores the relationship between the cause of plaintiff's harm and the defendant's acts identified as creating purposeful contacts with the forum state." *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987). "The . . . test is met if 'but for' the contacts between the defendant and the forum state, the cause of action would not have arisen." *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1995). Under the present circumstances, the Court cannot conclude that Plaintiff would not have sustained his injury but for Defendant's patents and patent applications. Accordingly, the Court finds that Plaintiff has failed to meet his burden for establishing specific jurisdiction.

///

///

**IT IS THEREFORE ORDERED** that Defendant LG Chem Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 33) is **granted**.

Dated this 13th day of September, 2019.

_____
Honorable Steven P. Logan
United States District Judge