**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Walsh, | No. CV-18-01545-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| LG Chem America, et al., | |
| Defendants. | |

**I.      BACKGROUND**

On November 18, 2016, Plaintiff Christopher Walsh was out to dinner when two batteries from a vaping device in his right pocket exploded causing him serious burns. (Doc. 105 at 3-4). Plaintiff's then-girlfriend testified that the subject batteries were still in Plaintiff's pocket when they arrived at the hospital to treat his burns, but that she put the batteries in a garbage bag along with other destroyed belongings for the nurses to throw away. (Doc. 105 at 4). Additionally, once Plaintiff let the hospital and met with his attorney, Defendant alleges Plaintiff allowed his expert to inspect the keys that were in his pocket but thereafter disposed of them before Defendant's expert could examine them. (Doc. 121 at 3-4).

Before the Court is Defendant Oueis Gas, Inc.'s Motion to Dismiss or Alternatively for an Adverse Instruction Based on Plaintiff's Spoliation of Evidence (Doc. 105). For the foregoing reasons, the Court will grant the motion to the extent Oueis Gas seeks an adverse instruction.

## II. LEGAL STANDARD

"A party seeking sanctions for spoliation of evidence must prove the following elements: (1) the party having control over the evidence had an obligation to preserve it when it was destroyed or altered; (2) the destruction or loss was accompanied by a culpable state of mind; and (3) the evidence that was destroyed or altered was relevant to the claims or defenses of the party that sought the discovery of the spoliated evidence." *Surowiec v. Capital Title Agency, Inc.*, 790 F. Supp. 2d. 997, 1005 (D. Ariz. 2011). The third element is not at issue with respect to the batteries, but is at issue with the keys.

"In diversity cases, state law determines a party's duty to preserve evidence that is outcome-determinative, but federal rules govern sanctions for breach of that duty." *State Farm Fire & Cas. Co. v. Broan Mfg. Co.*, 523 F. Supp. 2d 992, 995 (D. Ariz. 2007) (citing *Allstate Ins. Co. v. Sunbeam Corp.*, 53 F.3d 804, 806 (7th Cir. 1995). Under Arizona law, litigants must preserve evidence which they know or should know is relevant to an action or is reasonably likely to be requested during discovery. *Souza v. Fred Carries Contracts, Inc.*, 191 Ariz. 247, 955 P.2d 3, 6 (1997). Courts in the Ninth Circuit "generally agree" that "as soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action." *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 991 (N.D. Cal. 2012) (quoting *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006)).

Sanctions in the Ninth Circuit are left to the broad discretion of the district courts "to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial." *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir.1992); *see also Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993) ("A federal trial court has the inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence.").

///

///

///

2

### III. DISCUSSION

#### A. Batteries

##### i. Duty to Preserve

Because Arizona law does not impose a duty on third parties to preserve evidence, the Court cannot impose spoliation sanctions based on Plaintiff's ex-girlfriend's failure to preserve the batteries. *Lips v. Scottsdale Healthcare Corp.*, 224 Ariz. 266, 267, ¶ 11, 229 P.3d 1008, 1009 (2010) (declining to recognize the tort of negligent third-party spoliation because "[c]ourts have not recognized a general duty to exercise reasonable care for the purely economic well-being of others, as distinguished from their physical safety or the physical safety of their property").

Additionally, Oueis Gas fails to provide, nor is the Court aware of, any Arizona law holding that an attorney's failure to preserve evidence is imputable to the plaintiff for spoliation sanctions. There is federal law on the issue. *See* J*ordan v. Ford Motor Co.,* No. 2:09-CV-0865-HRH, 2010 WL 11627610, at *3 (D. Ariz. Apr. 19, 2010) (relying on Fourth Circuit law) ("Plaintiff's counsel's failure to take any steps to preserve the Escort is imputable to plaintiff."). But Plaintiff clarified at oral argument, and Oueis Gas did not dispute, that he did not retain his lawyer until two weeks after the batteries were discarded.

Plaintiff surely had access to and control over the contents of his pockets and, as the plaintiff in this case, had a duty to preserve them as soon as the explosion occurred. *Apple Inc.*, 888 F. Supp. at 991. However, the main issue regarding whether Plaintiff can be liable for the spoliation of the batteries centers around whether he had a culpable state of mind, which will be addressed below.

##### ii. Culpable State of Mind

Plaintiff alleges he should not be held liable for spoliation because he was "on intravenous Versed and a high dose of Fentanyl, with the hospital staff cutting the burned flesh from his legs with a scalpel, going in and out of consciousness."(Doc. 109 at 2). Plaintiff does not provide any caselaw indicating that a party does not have a duty to preserve evidence while incapacitated at the hospital. However, as explained above, "[a]

party seeking sanctions for spoliation of evidence must prove . . . the destruction or loss was accompanied by a culpable state of mind." *Surowiec*, 790 F. Supp. 2d at 1005.

"Courts have not been uniform in defining the level of culpability—be it negligence, gross negligence, willfulness, or bad faith—that is required before sanctions are appropriate." *Id.* at 1006 (internal quotation and citation omitted). "Nor is there consensus as to how the level of culpability is to be determined, or what prejudice, if any, may be presumed from culpable conduct." *Id*. at 1006–07. However, it is clear that "[a]n allegedly spoliating party's culpability must be determined case-by-case." *Id*. at 1007; *see also Al Otro Lado, Inc. v.* Wolf, No. 317CV02366BASKSC, 2021 WL 631789, at *5 (S.D. Cal. Feb. 18, 2021) ("The required culpable state of mind includes negligence.") (internal quotations and citation omitted).

Plaintiff was negligent in this case when he allowed the batteries to be discarded. "To establish negligence, the courts focus on whether or not the caretaker of the evidence can foresee possible harm to the [other party] if the evidence is destroyed." *Bravo v. Foremost Ins. Group*, No. C94–20467 RPA, 1994 WL 570643, at *4 (N.D. Cal. Oct. 11, 1994). Here, Plaintiff had retained a lawyer when he was in the hospital. (Doc. 105-1 at 16).[1] Plaintiff could have and should have foreseen harm to Oueis Gas if the batteries were destroyed in light of how central they are to Plaintiff's theories of the case. A reasonable person in Plaintiff's situation would have preserved the batteries.

### iii. Appropriate Sanction

"The negligent spoliation of evidence may still be sanctionable where it results in prejudice to the opposing party because each party should bear the risk of its own negligence." *Net-Com Servs., Inc. v. Eupen Cable USA, Inc*., No. CV 11-2553 JGB SSX, 2013 WL 4007785, at *3 (C.D. Cal. Aug. 5, 2013) (internal citations and quotations

---

[1] Plaintiff clarified at oral argument that he later retained new counsel several weeks after his hospitalization. However, the fact that he had an attorney while in the hospital at all is relevant to show he was aware of impending litigation and, therefore, aware that the batteries would be necessary for Oueis Gas's defense.

4

omitted). Additionally, spoliation sanctions should be proportionate to the prejudice cause to the other party. *See, e.g.*, *Al Otro Lado, Inc. v. Wolf*, No. 317CV02366BASKSC, 2021 WL 631789, at *7 (S.D. Cal. Feb. 18, 2021) ("[A]lthough defendants negligently spoliated relevant evidence, the Court finds that plaintiffs' requested adverse-inference sanctions are disproportional to the prejudice caused by the spoliation."); *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 994-95 (N.D. Cal. 2012) (finding "strong adverse inference instruction" was not warranted where prejudice to opposing party was minimal). "Other courts considering whether loss of evidence merits an instruction allowing an adverse inference generally require evidence of either bad faith or intentional destruction." *Smyser v. City of Peoria*, 215 Ariz. 428, 440, 160 P.3d 1186, 1198 (Ct. App. 2007). However, in *Smyser*, the Arizona Court of Appeals held that "when no evidence shows intentional or bad faith destruction of evidence, *particularly when Catherine had other means to establish what the strips likely would have revealed*, a spoliation instruction was not mandatory and the failure to give it was not reversible error." *Id.* (emphasis added). The court did not hold, however, that a spoliation instruction would not be appropriate under some circumstances—particularly where the evidence destroyed is central to the case.

Here, Plaintiff's failure to preserve the contents of his pockets likely does not rise to the level of intentional or bad faith destruction. However, his failure to preserve the batteries was at least negligent, as explained above. Furthermore, the batteries are central to disproving Plaintiff's arcing theory. Without the batteries, Defendant will face significant challenges in defending against Plaintiff's theories of what caused the explosion. When asked at oral argument what other evidence Plaintiff had to show causation, Plaintiff pointed only to the video tape of the explosion, Plaintiff's testimony that he had keys and batteries in his pocket, and the keychain that he had in his pocket. But none of this evidence adequately substitutes the *actual* batteries in this case.

At oral argument, Plaintiff argued that, as a matter of law, the batteries (and keys, which will be addressed below) are not necessary to proving or disproving their causation theories because they had burned up badly in the explosion. Plaintiff cited *Dietz v. Waller*,

141 Ariz. 107, 109, 685 P.2d 744, 746 (1984) and *Rocky Mountain Fire & Cas. Co. v. Biddulph Oldsmobile*, 131 Ariz. 289, 291, 640 P.2d 851, 853 (1982). In *Dietz*, a boat had burned up and the owner sued the maker of the boat under strict liability. The Arizona Supreme Court held that plaintiffs "must be permitted to rely upon circumstantial evidence alone in strict liability cases, because it is unrealistic to expect them to otherwise be able to prove that a particular product was sold in a defective condition." *Dietz*, 141 Ariz. at 110. The decision did not deal with spoliation. Similarly, the court in *Rocky Mountain Fire* explained that "[t]he plaintiffs must be permitted to rely upon circumstantial evidence alone" because "[t]here will seldom be a case based upon strict liability where a person will be able to testify from his personal knowledge that a particular product was sold in a certain defective condition." 131 Ariz. at 292. Again, the decision did not discuss the spoliation of evidence.

The spoliation analysis requires the Court to consider prejudice to the defendants in light of the missing evidence. Defendant Ouis Gas will be significantly prejudiced by the absence of the batteries, even if they could also rely on circumstantial evidence to put on their defense. The Court therefore finds that sanctions are warranted based on Plaintiff's failure to preserve the batteries.

Because Plaintiff's spoliation of the batteries was merely negligent, the Court finds that dismissal would be too harsh of a sanction. *Anheuser–Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995) (explaining that, for dismissal to be proper, the conduct to be sanctioned must be due to willfulness, fault, or bad faith.). Accordingly, the Court will read a limiting instruction to the jury regarding the absence of the batteries.

"[C]ourts have formulated adverse inference instructions that range in their level of severity." *Apple Inc. v. Samsung Elecs. Co.*, 881 F. Supp. 2d 1132, 1150 (N.D. Cal. 2012). The degree of harshness should be dictated by the "nature of the spoliating party's conduct—the more egregious the conduct, the more harsh the sanction." *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec.*, 685 F. Supp. 2d 456, 470 (S.D.N.Y. 2010) (abrogated on other grounds). Because Plaintiff's spoliation was merely negligent,

the Court will not instruct the jury to infer that the batteries were favorable to Oueis Gas's position. Instead, the instruction, included at the end of this Order, will merely explain that Plaintiff failed to preserve evidence which has prejudiced Oueis Gas's ability to defend itself in this litigation. The parties can argue, and the jury can decide, the extent to which the evidence would have been necessary to prove Plaintiff's claims in this case.

**B. Keys**

*i.   Duty to Preserve*

As explained above, Plaintiff had a duty to preserve the contents of his pockets, including the keys.

*i.   Relevance to the Litigation*

Unlike the batteries, it is disputed what relevance the keys have to the litigation. Plaintiff's only argument on this point is that Oueis Gas delayed bringing the prejudice of the keys' spoliation to the Court's attention. Specifically, Plaintiff points out that that nowhere does Oueis Gas's expert's opinion about how loss of evidence interfered with a proper forensic examination does it mention the keys, and that Oueis Gas did not mention the keys until the instant Motion to Dismiss. (Doc. 109 at 9). However, just because Oueis Gas waited until the instant motion to assert that the keys are relevant to the claims and defenses in this case does not make it untrue. In fact, Plaintiff alleges that Defendants "fail[ed] to design the battery to adequately guard against shorting *when it comes to contact with meta objects*." (Doc. 30 at ¶ 16). Obviously, the metal objects in Plaintiff's pocket at the time of the explosion are highly relevant to Plaintiff's claims.

*ii.   Culpable State of Mind*

There were three keys on the keychain at the time of the explosion: a mailbox key, an apartment key, and a Volkswagen key. (Doc. 109 at 8-9). Plaintiff concedes that he turned the mailbox and apartment keys into his apartment years ago, and turned over the Volkswagen key when he sold it during the same period. (Doc. 108 at 9). However, Oueis Gas provides no evidence that Plaintiff's disposal of the keys was done intentionally to harm its ability to defend this lawsuit. Although Oueis Gas argues Plaintiff allowed his

expert to inspect the keys before discarding them, the evidence does not support this accusation. Plaintiff's expert merely testified that the keychain he inspected had *some* keys on it. (Doc. 121 at 3-4). However, when asked about the keys, Plaintiff testified that the keys his expert saw were not the same keys that were in his pocket at the time of the accident. The evidence supports this, because the keys examined by the Plaintiff's expert had a Mercedes key fob attached to it, and not keys to a Volkswagen. The Court finds that Plaintiff's failure to preserve the keys constitutes negligence. Similar to the instruction for the batteries, because the failure to preserve the keys is based on negligence, the Court will give a limited adverse instruction. The instruction will read:

> Plaintiff Christopher Walsh has failed to prevent the destruction of relevant evidence for Defendant Oueis Gas's use in this litigation. This is known as the "spoliation of evidence." I instruct you, as a matter of law, that Plaintiff failed to preserve this evidence after his duty to preserve arose. The failure to preserve the evidence has prejudiced Oueis Gas's ability to defend itself in this litigation. Whether this finding is important to you in reaching a verdict in this case is for you to decide. You may choose to find it determinative, somewhat determinative, or not at all determinative in reaching your verdict.

Accordingly,

**IT IS ORDERED** that Defendant Oueis Gas's Motion to Dismiss or Alternatively for an Adverse Instruction Based on Plaintiff's Spoliation of Evidence (Doc. 105) is **granted** to the extent stated in this Order.

Dated this 16th day of August, 2021.

Honorable Steven P. Logan
United States District Judge